The case today is 2023-20126, United States of America v. Timothy Morant. Mr. Hester, you may proceed. Thank you, Your Honor. May it please the Court. Your Honor, 18 U.S.C. 1201 covers conduct sweeping well beyond this Court's definition of generic kidnapping. Therefore, the District Court erred in concluding that Mr. Morant had a conviction or qualified as a career offender because 18 U.S.C. 1201 is not a crime of violence under this Court's precedent and Mr. Morant was wrongly sentenced as a career offender which resulted in a guideline range approximately five years higher than the appropriate guideline range. So this Court has addressed generic kidnapping at least seven times and has come up with four factors that a statute must meet to qualify as generic kidnapping. Before you go through those, Counsel, have we ever applied those factors to a federal definition of kidnapping or only state definitions? Those factors have not been applied to Section 1201, Your Honor. I don't see how it makes a difference. For instance, in Moreno-Florian, this Court applied those factors to a California kidnapping statute although the Court had never addressed a California kidnapping statute reversed on this Court to do for Mr. Morant. Is there any case that's ever held this? You know, plain error is a high standard and sometimes the error is not clear under Prong 2. Has anybody held the way that you want us to hold? In terms of addressing this specific statute and holding that 1201 is not a crime of violence, neither party has found a case but my argument under Moreno-Florian, just like the California kidnapping statute where neither party found a case and it had never been addressed before, this Court applied this four-factor test to that statute and said it's not a crime of violence. What about, since you're talking about the California statute, Benitez-Osorio, that we were held that a California statute that requires the offender to move the victim a substantial distance without the victim's consent satisfied the deprivation of liberty? It's unpublished but we said it. Yes, Your Honor, and I addressed that in my reply brief. That's California's aggravated kidnapping statute which also requires rape, robbery, and a number of other crimes that are obvious substantial interferences with liberty. Now, Moreno-Florian is the case that addresses California's basic kidnapping statute and that statute is very similar to 1201 just like many other state statutes that this Court has addressed such as Colorado's statute in Cervantes-Blanco, just like Florida's statute in Martinez-Romero. Okay, I know you want to go through the factors and so I don't want to delay you too much but just, you know, and sometimes these things are counterintuitive, you know, some of these tests and we live with that because that's the law and we apply it. But it seems problematic to say that someone who unlawfully seizes, confines, inveigles, decoys, kidnaps, abducts, or carries away and holds for ransom or reward or otherwise any person does not substantially interfere with that person's liberty. Well, it's... What's a scenario that would fall under 1201 but yet is not a substantial interference with liberty? So, it's only counterintuitive, I think, Your Honor, because we're thinking of generic kidnapping and generic kidnapping is a crime of violence. But when you dive into what this Court has said about 1201 in Webster, for example, that the element stripped to its bones, 1201 requires knowing confinement against will with an interstate commerce element and that is it. So... Doesn't it also require holding for ransom? Or otherwise? Or carries away and holds for ransom. But knowing confinement, that interferes with your liberty. That's... I... Just straight up, if you were to analyze these elements that I just went through, that's a... I think that's a complete list I went through, perhaps I missed something. All of those seem to interfere with liberty, so that's why I want to know what is a scenario that would fall under 1201A but yet is not a substantial interference with liberty? And you're saying knowing confinement, I think, may be that. But knowing confinement seems to interfere with liberty because you're confined. So what am I missing? So it's... It's, Your Honor, not just interference with liberty as you identified, it's substantial interference with liberty. Well, being confined against your will, isn't that a substantial interference with your liberty? Not necessarily. I think that because the case law that I cite in my brief talks about simply locking someone in a room for a minute would satisfy this statute. So it doesn't... And Garza-Robles, that's a 2010 case from this court, talks about it doesn't require any sort of physical interference, doesn't require any sort of tying or bounding, doesn't require... Holding someone in a locked room, why is that not a substantial interference with their liberty? Do you have a case that would say that it is? To me, that's not... I'm not saying that is being not an interference with the substantial interference with the liberty. Well, Judge, I think a lot of case law that construes similar statutes would say this language doesn't call for a substantial interference. Okay. Do you want to go through your factors that you wanted to do at the beginning and we got you off track? I don't want you to not have an opportunity to do that. Yes. Thank you, Your Honor. So on element two, so substantial interference with liberty, Garza-Robles says no physical restraints required. In Anderson, this court said that's a 2020 case. It could be a short or even incidental confinement is going to satisfy holding, okay? And we're not contesting element one of the generic factors. We're saying 1201 meets element one, okay? Element one is required. That's knowing confinement. 1201 requires knowing confinement, but that's really it. And that's exactly what this court said in Webster in talking about the elements of 1201 stripped to the bones require knowing confinement against will and that's all. So Anderson says it could be short or incidental confinement. Colorado and California statutes require movement or transporting to some degree. So not only locking someone in a room, but actually physically moving them in some manner. And this court said in Cervantes-Blanco and in Moreno-Florian that those statutes don't require a substantial interference with liberty. Are you familiar with the United States Supreme Court's decision in Chatwin versus United States? I don't know that it's cited. Are you familiar with that case? It's interpreted as kidnapping. Vaguely. Vaguely. Yes, Your Honor. Here's what it says. The act of holding a kidnapped person for a prescribed purpose necessarily implies an unlawful physical or mental restraint for an appreciable period against the person's will and with a willful intent so to confine the victim. That seems to echo what Judge Elrod's questions with respect to this. It's just difficult to get your mind around the idea that kidnapping doesn't involve. I think the court is specifically zeroing in on holding for ransom. How can you do that without substantial interference with liberty? Well, I think holding for ransom would be a substantial interference with liberty. But 1201 covers all sorts of situations beyond just holding for ransom. And literally says... Isn't that stated in the statute though? Yes, Your Honor. It says, or otherwise. Hold for ransom, reward, or otherwise. What does otherwise mean in that? It can mean literally anything. I find it difficult to believe that it just means, well, you can hold someone for ransom or you can hold someone for, just don't you still have to hold someone, right? But this court has said in Webster, Your Honor, that there is no specified purpose requirement to this statute. And specifically... Does that automatically disqualify a statute from generic kidnapping that it doesn't have a specified purpose? Assuming you're right about that. It would get closer, but so, okay. So the three elements, this court has said that a kidnapping statute to qualify as generic kidnapping must require holding. It must require force, threat, or fraud. And it must require one of the other four elements or one of the specified purpose requirements in the model penal code, okay? So very clearly, this statute doesn't require one of the specified purposes in the model penal code because it says, or otherwise, which sweeps far beyond those four purposes that are listed in the model penal code. What are those in the model penal code? They are, okay, to hold for ransom or reward, not for otherwise, just to hold for ransom or reward or shield as a hostage, to facilitate commission of any felony or flight thereafter, to inflict bodily injury on or terrorize the victim or another, or to interfere with the performance of any governmental or political function. So what's the benign otherwise in the statute? What's, all of these things seem very, very likely that these could be the otherwise. So what, can you give us a benign otherwise such that you would take us out of the categorical approach? What's a, what would be holding someone that would not be, that gets me back to the first question I asked you, give an example of holding someone that is not a substantial deprivation of liberty that would also not be within these definitions of the model penal code, assuming that that's the correct definitions, first of all, and I'm spotting that. I'm not agreeing that that's the test, the model penal code. Yes, right. So you want an example of a case that swept beyond those definitions. Yes, because you would need to have one to say that the categorical, using the categorical approach, it's too broad. That's what we, we used to do these categorical approach cases all the time, and we're getting out of the business, so to speak, but this is, does present that approach. Okay. So one example, Your Honor, McCabe from the Eighth Circuit, that's cited in my brief, says revenge can be an, or otherwise purpose. Why is revenge not covered by the model penal code? Because it doesn't say, it doesn't cover revenge. I thought that one of those was, you know, to, the way that you're inflicting harm on the person, and did you take that to mean that you had to be torturing the person? No, no, and I think we're maybe mixing up substantial interference with liberty with a specified purpose. Well, I understand they're two different things, and I think the government, and I'm going to ask them, I think they may have conceded that they don't have a, they're not arguing the specified purpose in this case, that they're, you know, under, I think under the Jaco v. Garland case, that they don't have a specified purpose argument. So I don't think that they're arguing that. I think that they're saying that it has to, that it's still a substantial interference with liberty, and that therefore it satisfies our test, our circuit's test. So, Your Honor, and I'm sorry this, I didn't answer your question before this case just came to mind. Garza Robles would be an example of a kidnapping out of this circuit that didn't involve substantial interference with liberty. In that case, it involved a lost marijuana drug load, okay? Someone delivers it from Mexico, it gets stolen, the drug cartel leader in Mexico wants to come down here and meet with me. You need to explain this in person. He drives down there with a co-conspirator, with his co-defendant, without being restrained, without being, his liberty being substantially interfered with, he went down and met with him, okay? This court said, that's why the court said no physical restraints is required. That's why in Anderson this court said it could be a short or incidental confinement, and that's all that's needed to violate this statute. It doesn't require substantial interference with liberty. So that's my example. Why shouldn't we resolve this case on the plain error problem and not deal with this on prong one? Because all we're doing is applying the plain terms of the statute to existing case law, which is very well established in this circuit, and this court's done it before in Moreno Florian with the California statute. Do you concede that you would lose if we skipped the prong? I mean, I don't understand how you can say the error's plain. Can I keep going? Sure, please do. I know my time's up. Yes, yes, no. Please, please. The other side can have an extra minute too. We're all going to have an extra minute so you can answer this, because this is really important. Yes, thank you, Your Honor. It's plain error, just like in Moreno Florian, when this court said the California statute doesn't meet the generic definition of kidnapping, despite the fact that there was no case law addressing it. And it's plain error because we're just applying our very well-established case law, seven different cases I've cited to you, where this court has dealt with the elements of generic kidnapping. And this is even more plain than Moreno Florian because we have all of this case law interpreting the elements of 1201 and showing very clearly that it doesn't require substantial interference with liberty. What's the best case on that point, the 1201, a case interpreting 1201 specifically and saying, no, it doesn't require substantial interference with liberty? Garza Robles, Your Honor, and Anderson, both cited in my brief, which says brief incidental confinement's enough. Thank you very much, and you just have time for rebuttal. Thank you, Your Honor. Mr. Sand? May it please the Court, Andrew Sand for the United States. This court has never held that the federal kidnapping statute does not satisfy the enumerated offense of kidnapping under the guidelines. Further, two circuits have confronted this exact same issue, the Third Circuit and the under prong two. Could you deal with the Robles case, please? They keep referred to quite a bit. I have it here, the case, but I'm just— Yes, Your Honor. And let me begin by stating— I'm sorry, I'm saying the wrong case. Gonzales-Ramirez is what I want you to deal with. Yes, Your Honor. So I think that is more a prong one argument. So Gonzales-Ramirez is the foundational case from the Tennessee statute with the four factors. But I think that he's saying that because these cases exist, that prong two can be filled in. Yes, Your Honor. I think he relies mostly on this— I know the names can get confusing— the Moreno-Florian case, which where they used— they went through plain error. And I do think that case is distinguished on several fronts. So first of all, all the prior precedent from this court on the generic offense of kidnapping have only dealt with state statutes. And to extend that to the federal kidnapping statute would require extending existing precedent, which is insufficient under prong two. More specifically, this court has been careful to frame the Gonzales-Ramirez test specifically in the context of state statutes. So from this court in Martinez-Romero, it specifically said that the four elements of Tennessee kidnapping statute, referring to the Gonzales-Ramirez test, became the standard in this circuit for comparing other state statutes. And the government repeatedly highlighted this in our brief. So even the test itself has been framed within the context of state statutes. To extend it to the federal kidnapping statute would be an extension of precedent. Logically, though, I did mean to talk about Martinez-Romero. The Florida statute says the term kidnapping means forcibly, secretly, or by threat, confining, abducting, or imprisoning against his or her will without lawful authority with intent to inflict bodily harm. And it was held that that was not enough. So how do you, if you were going to address this straight up on prong one, it seems that, and it actually would affect prong two, that why isn't that parallel to the situation here such that logically the same rule would apply? Yes, Your Honor. I do think just from a prong two perspective, just kind of stepping back, you know, we're talking about the generic definition of the federal offense of kidnapping. And the Supreme Court has defined that as the offense as commonly understood. And I do think an analysis of individual state statutes, the effect of that on the offense as commonly understood is a bit different than the federal kidnapping statute, which is- Why? Just because it's federal and it's really important? Is that? I mean, I don't understand- That is part of it. I do agree that is part of it. I'm not saying that I think it is. I'm just asking you the question. Is there something because it would be a big deal to declare the federal kidnapping statute, is that the reason? I wouldn't exactly say it's a big deal, but again, the generic offense is the offense as commonly understood. I would say that the federal kidnapping statute, which is the exclusive criminal definition of kidnapping provided by Congress and is longstanding, that would have an outsized impact on the offense as commonly understood, this generic offense. Right. But still, it seems to be, are you saying that the decision in Martinez-Romero was wrong? If not, why wouldn't the same logic apply here on prong one? On prong, again, if we're in prong one, so- We can go in whatever order we want. Yes, Your Honor. Yes, Your Honor. And prong one seems tough for you here. I do think, and Your Honors kind of touched on this when talking to my opposing counsel, just looking at the elements of, sorry, looking at the statutory language of the federal kidnapping statute, it does satisfy the Gonzales-Ramirez elements. So just looking at the text itself of 1201, it states that there are kind of two action clauses there. So the first one is, unlawfully seizes, confines, inveigles, decoys, kidnaps, or carries away. And the government's position is that that lines up with the first and third of the Gonzales-Ramirez elements, knowing confinement and the use of threat, force, or fraud. And then there's a second action clause, which is different from the Florida statute, and it says, and holds for ransom, reward, or otherwise. And the government agrees with some of the questions that were put forth, which is that the holding is the key. The holding is the substantial interference with the victim's liberty. The reason for the holding, ransom, reward, or otherwise, the government concedes there is no specified purpose requirement under this statute. You might be holding them in order to read great literature to them or to educate them in math, something like that. Yes, Your Honor. But you're still holding them, and you're keeping them in place, perhaps, teaching them math or great literature, it might be. Yeah, I just don't understand. How can you say holding, holding, holding? It's not saying that you're confining them in order to render a judicial opinion. That's not what holding means. It means to hold them, like to hold them. I just don't understand how there could possibly be any other meaning to holding than to confine someone and substantially, I don't know. The government is in agreement with that position. You should just smile and say, yes, I agree, yes, Your Honor, yes, Your Honor. So yes, we agree with that. Holding, it means to keep someone in place, and in our view, it substantially interferes with the victim's liberty. But what do we do? We still haven't, this is my third time to ask about Moreno-Romero, because we said that holding, I don't know why we said this, but we said that holding in that case to teach math or poetry or whatever is not good enough for that statute. So why did we say that there if we wouldn't say that here? Yes, Your Honor. I agree with the abstract thinking that, and it's a straight up, if I were to say that it was holding, then that would be, seems to be enough. But that's not what we've said in the past, and so this is troubling. Yes, Your Honor. So I think, turning to the text of the California 207A statute. This is Florida statute that I'm asking about for the fourth time, I think. So can you help with the, you did talk about it a little bit, but Florida statute says, means forcibly, secretly, or by threat, confining, abducting, or imprisoning another person against his or her will. And this was with intent to inflict bodily harm or to terrorize, and they said that was not enough. So why did they say that was not enough, and was that wrong? This is a published case from 2016, I think. Yes, Your Honor. So that's why it's very confusing. So one distinguishing feature of that statute that you just read to us is that there is only one action clause. I don't have the text of the statute in front of me, but there only seems to be one action clause there, the series of verbs that do include holding. The federal kidnapping statute has two action clauses. There is a, for lack of a better term, this initiating action clause, unlawfully seizes, confines, inveigles, decoys, kidnaps, or carries away. And then there's a second action clause, to hold them in place. And I think that is one way that the federal kidnapping statute is distinguished from the Florida statute in that case. Okay. Does the government want us to hold that the federal kidnapping statute is not problematic and analyze that? Or is the government seeking us only to apply prong two? The government, I think the strongest argument here is prong two. But if somehow the court wanted to get to prong one, because we do think it is, this error was not preserved below. And even to the extent that, and I think this is coming from some of our discussion here, that it's a close call whether the federal kidnapping statute satisfies this generic offensive kidnapping. This court has emphatically stated that close calls don't cut it for prong two. So prong two is our strongest argument. That is not the only argument that we are presenting forth. If somehow this court were to get past prong two and consider the issue straight up, we do not think, sorry, we do think that the federal kidnapping statute does satisfy the generic offensive kidnapping we talked about in our brief. We do think it meets the three Gonzales-Ramirez elements based on the plain text of the statute. Also based on the fact that this is a common sense test. There is nothing more common sense than the federal kidnapping statute. The exclusive federal criminal definition of kidnapping satisfying the generic federal offensive kidnapping. Can you grapple with Cervantes-Blanco for a moment? Maybe the same sort of issue that Florida had. Cervantes-Blanco is the California, I mean Colorado, excuse me. Yes, Your Honor. Any person who knowingly seizes and carries any person from one place to another without his consent, without lawful justification, commits second degree kidnapping. I think we said that was not satisfactory, just like we said that Martinez-Ramirez was not satisfactory. Yes, Your Honor. Again, I think the holding of the separate holding requirement is the distinguishing feature. Okay. What about the South Carolina kidnapping statute that's mentioned? Yes. Can you deal with that? Yes, Your Honor. I think, again, I'd return to the point that I made earlier. The South Carolina kidnapping statute, there is only one action clause there and it doesn't not include holding. It says, whoever shall unlawfully seize, confine, inveigle, decoy, kidnap, abduct or carry away any other person by any means whatsoever. There's no holding requirement. There's no second action holding requirement. That's why they're different. That's why the South Carolina statute, which has not been directly confronted by this court in any case, sweeps more broadly than the federal kidnapping statute. Mr. Sand, if the court, all caps, if the court suspected that there was error, but ultimately it wasn't plain error, would there still be benefit? Would it be helpful for future cases for the court to nonetheless grapple with whether there was error instead of leapfrogging and leaping straight to the plain error part, wouldn't it? Do you think, does the government think it would help aid the development of the law for future cases, clarity for the court to grapple with whether there was error in the first place? Your Honor, it might aid with development of the law, but the procedural posture is a procedural posture here. The defendant did not preserve this error below, so plain error applies. I think that needs to be the first question answered, is whether there is clear or obvious error. Yes, there might be benefit to clarifying in this area of law, but that is not the issue squarely presented in this case here. If in the future there's another case where the defendant preserved that challenge below, perhaps this court should confront that case. But here, the procedural posture is a procedural posture. The other two circuits, they confronted the exact same issue in the same procedural posture, and they did not go to the prong one merits. They affirmed on prong two, and this court should do the same. What about Anderson? Can you talk about Anderson? The incidental confinement, the opposing counsel, your friend on the other side, started off his argument by talking about quick confinement for a minute and that sort of thing. Yes, Your Honor. Just kind of on a higher level, that case is not a generic federal kidnapping case, but I think that case generally, my opposing counsel used that case to stand for the proposition that however brief amount of time that would suffice for holding. And that, even a brief moment of holding, no matter how brief, holding is still a substantial interference with liberty. And I think that's... But that's not what we said in Anderson, but you're saying that wasn't generic, so... Yes. But the reasoning we gave in that case said, no, it's not. I think that's in a slightly different context, but here, even, no matter how brief, even substantial interference. Would we be the first circuit to opine on prong one, if we were to opine on prong one? On the federal kidnapping statute? Yes, Your Honor. And do you concede that if prong two was satisfied that three and four would be because of the nature of the enhancement? Yes, Your Honor. Okay. Thank you. Pending any further questions, the government respectfully requests this court affirm the judgment of the district court. Thank you. Mr. Hester, you've saved time for rebuttal. Yes, Your Honor. Thank you. So, I'd like to address a few points. The first is the government's argument that because this statute says, seizes, confines and vagals and holds, that means substantial interference with liberty. Secondly, I cite in my reply brief all of the state statutes that this court has addressed. You can find that page 11, 12 and 13 of my reply brief. First, Oklahoma's requires, without lawful authority, forcibly seizes and confines another or in vagals or kidnaps, doesn't require substantial interference with liberty. So says this court in Najera, Mendoza. California's kidnapping statute requires forcibly or by any other means of instilling fear, steals or takes or holds, detains or arrests any person in this state, okay, and, and carries the person to another country, state or county or to another part of the same county. So now we're talking about holding someone and then carrying them somewhere. This court said, plain error doesn't require substantial interference with liberty. That's in Moreno, Florida. So you're saying on these analogous state law claims, we have found plain error and we should do so because they're analogous here in the federal system, I mean, on the federal statute. And, and the plain language of the statute applied to the- Right, they're analogous. Yes. Yes. So they are analogous on their plain language. We have found plain error on them, therefore we should, because they're analogous in their plain language, we should find plain error here. Yes. Yes. Is there anything special about this being federal versus state? Not at all. And let me explain. First let me deal with the notion that 1201 is the only definition of kidnapping. It's just, that's just not true. 18 U.S.C. section 3559b2e defines kidnapping much more restrictively than 1201 does. It talks about hold, I think I left the definition at the table, but it, it takes out inveigling and decoy, and it takes out fraud, so it requires a threat or force, okay? So it's much more restrictive. It's not the only definition. This court in Guidry, this is cited in my brief, imposed a sentencing enhancement for kidnapping under 242, Title 18 United States Code 242, and the defendant in that case said, look, I didn't kidnap, you should define kidnapping based on the federal definition, which at that time required transportation from one state to another. This court said, no, we apply the generic definition of kidnapping. That's to another federal statute. So you have this court taking a federal definition and applying the generic definition to it in Guidry. I cite the Shuler case in response to this argument, which talks about when there are common law crimes that have widespread usage, crimes like burglary, extortion, arson, kidnapping, we define those by their generic terms, and that's how the categorical approach works when it comes to common law crimes with widespread usage, because they're defined so differently in different jurisdictions. I mean, federal law defines kidnapping in different ways. I just gave you 3559b2e. Much more restrictive than 1201. So that's why it doesn't matter that we're dealing with a federal statute. The categorical approach applies in the exact same way. And I'd like to end on, Your Honors, this case is about sentencing Mr. Morant under a correct guideline range. The judge on remand can consider all of the facts, okay, and perhaps even impose the same sentence as an upward departure. But this is about his right to be sentenced under correct guideline range, which every citizen is entitled to in this country when a court is taking their liberty. So we're asking you to remand this case to the district court so that the district court can re-sentence Mr. Morant under the correct guideline calculation. Thank you. Thank you. We have your argument. Mr. Hester, we note that you were court appointed and you have rendered exceptional advocacy for your client in this case. And so thank you for your service to the court. Mr. Sand, your advocacy has also been very impressive on behalf of the government. We appreciate the fine arguments today. Thank you.